**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JUAN ANDRES GARCIA-DE LA ROSA,

 Petitioner,

v.             No. 26-cv-1442-KWR-GBW

WARDEN, *et al*,

 Respondents.

## <u>ORDER OF DISMISSAL</u>

This matter is before the Court on Petitioner's *pro se* 28 U.S.C. § 2241 Habeas Petition (Doc. 1) (Petition). Petitioner was an immigration detainee at the Otero County Processing Center when this case was filed. The Petition appears to argue he did not receive due process in connection with his Immigrations and Customs Enforcement (ICE) detention.

Respondents filed a Motion to Dismiss, which states the Petition is moot because Petitioner is no longer in ICE custody. *See* Doc. 8. The Motion to Dismiss reflects that Petitioner has been transferred to the custody of the Hillsborough County Sheriff's Department in Florida and is being held without bond for the failure to register as a sex offender. *Id.* at 2. The ICE locator website confirms that Petitioner is no longer in ICE custody. *See* Doc. 9 (returned mailing envelope); *see also* https://locator.ice.gov/odls/#/results. Petitioner did not file a reply to the Motion to Dismiss or otherwise contradict Respondents' information regarding the change in custody status. Petitioner also failed to notify the Clerk of his current address as required by local rule. *See* D.N.M. Local Civil Rule 83.6 ("All ... parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their ... mailing addresses").

For these reasons, the Court will dismiss the Petition without prejudice as moot and alternatively, under Fed. R. Civ. P. 41 for failure to prosecute and comply with N.M. Local Civil Rule 83.6.  *See Berry v. Fox*, 704 Fed. App'x 789, 790 (10th Cir. 2017) (determining § 2241 petition was moot and noting "the district court's order was undoubtedly correct that [petitioner's] transfer to state custody … rendered the court incapable of ordering effectual relief vis-à-vis the" federal respondents).  *See also Olsen v. Mapes,* 333 F.3d 1199, 1203 (10th Cir. 2003) (affirming Rule 41 dismissal based on the failure to prosecute and "comply with the procedural rules … of th[e] Court"); *Faircloth v. Hickenlooper*, 758 Fed. App'x 659, 662 (10th Cir. 2018) (affirming Rule 41 dismissal and noting the inmate-plaintiff is "solely responsible for his failure to update his address").

**IT IS ORDERED** that Respondents' Motion to Dismiss Petition (**Doc. 8**) is **GRANTED**; Petitioner's *pro se* 28 U.S.C. § 2241 Habeas Petition (**Doc. 1**) is **DISMISSED** without prejudice as moot, and alternatively, for failure to prosecute/comply with procedural rules; and the Court will enter a separate judgment closing the civil habeas case.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

2